THOMAS FORRISTAL

v.

THE PEOPLE EX REL.

1. VACATION OF OFFICE—ELECTION AND QUALIFICATION SUBSEQUENT TO AN APPOINTMENT NOT NECESSARILY A VACATION.—The fact that a person, illegally elected to a municipal office, takes the oath and files his official bond, is not *ipso facto* a vacation of a former valid appointment to the same office; nor is he by such acts estopped from averring that he did not accept the office and enter upon the duties conferred by the void election.

2. HOLDING OVER —If he did not accept the office under the void election, there was nothing to prevent him from continuing to act under the previous valid appointment until his successor was duly elected and qualified.

APPEAL from the Circuit Court of LaSalle county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed January 17, 1879.

Messrs. BLANCHARD & BLANCHARD, for appellant; that this is a criminal proceeding and affected by the same rules of pleading, cited Donnelly v. The People, 11 Ill. 552; The People v. Koener, 21 Ill. 65; The People v. M. & A. R. R. Co. 13 Ill. 66; Lavalle v. The People, 68 Ill. 252.

Respondent's first plea established a good title to the office: Session Laws 1875, 55.

Nothing less than the appointment of a successor could abrogate respondent's title: The People v. Fairbury, 51 Ill. 149; State ex rel v. Loy, 64 Mo. 89; The People v. Tilton, 37 Cal. 614; McCall v. Byram Mf'g Co. 6 Conn. 428; The People v. Runkle, 9 Johns. 158; Stadler v. Delmit City, 13 Mich. 574; The People v. Whitmore, 10 Cal. 38; 1 Dillon on Municipal Corporations, § 158.

An officer holding over is an officer *de jure:* State v. Howe, 25 Ohio, 588; The People v. Stratten, 28 Cal. 44; Spencer v. Champlin, 9 Conn. 536; Cong. Soc. v. Sperry, 10 Conn. 200; State v. Seay, 64 Mo. 89; Sparks v. Farmers Bank, 9 Am. Law Rev. 365; State v. McDaniel, 22 Ohio St. 354.

Mr. HARRY MAYO and Mr. G. S. ELDREDGE, for appellee; that the election and qualification vacated the former appointment, cited King v. Hughes, 5 Barn & C.; Dillon on Municipal Corporations, § 164; Milward v. Thatcher, 2 T. Rep. 87; The King v. Ripon, 1 Ld. Rayned, 563; The King v. Trelanway, 3 Burr, 1615; Gabriel v. Clark, Cro. Car. 138; The King v. Goodwin, Doug. 383; Willie on Corporations, 617; Glover on Corporations, 139; The People v. Carigue, 2 Hill, 93; Van Osdel v. Hazard, 3 Hill 243; Regents, etc. v. Williams, 9 Gill & J. 365.

Respondent must either deny the intrusion and set out his disclaimer, or justify by setting up a good title: The People v. R. R. Co. 1 Lans. 309.

SIBLEY, J. This was an information in the nature of a *quo*

*warranto*, commenced by the People in the Circuit Court of LaSalle county, on the relation of James Hastings, mayor of the city of Mendota, against Thomas Forristal, to require him to show by what authority he held and exercised the office of city marshal of the city of Mendota.

To this proceeding Forristal filed two pleas; *first*, setting up that under the provisions of the charter of the city, at the annual meeting of the city council, in April, 1876, he was duly appointed city marshal; that he qualified under the appointment, and entered upon the duties of the office, and continued thereafter to perform the duties of the office, by virtue of such appointment up to the time of the institution of this proceeding; *second*, that at the annual meeting of the city council in April, 1877, by a majority vote of the aldermen, he was declared elected, and that he qualified under such election.

A demurrer was interposed to these pleas, and overruled as to the first, and sustained to the second, when judgment of ouster was entered against the defendant. Afterward, by leave, a replication was filed to the first plea, averring among other things, that Forristal, on the 16th day of April, 1877, ceased to execute the duties of his office by virtue of his appointment set forth in the plea, and disclaimed to exercise the office obtained by means of the appointment stated in that plea, for the reason the city council unlawfully proceeded to fill the office of marshal without any name having been submitted to them by the mayor, and the defendant, after having been so elected, filed his official oath of office, qualified and accepted such election, and afterwards acted and claimed to act solely under that void appointment. The defendant rejoined to this replication as follows:

And now again comes said defendant, and as to plaintiff's replication to defendant's first plea, says, that by reason of anything therein alleged, *actio non*, because he says that said defendant did not on the sixteenth day of April, A. D. 1877, or at any other time, disclaim any right to, or cease to exercise the duties of said office, by virtue of the appointment in said first plea set forth, but has ever since said appointment continued to exercise and perform the duties of said office, in

manner and form as in said plea alleged, and of this the defendant puts himself upon the country.

To which rejoinder the people and the relator demurred. The court sustained the demurrer, and entered judgment of ouster against the defendant. From that judgment the defendant appealed, and the only question necessary to consider is the sufficiency of the rejoinder, for if that is a complete answer to the replication, no judgment of ouster upon either plea could have been properly rendered against the defendant.

There are indeed some nice and very technical rules of pleading discussed by counsel with much ingenuity, but as they do not pertain to the merits of the case, no sufficient reason is discovered for considering them. That Forristal was properly appointed in April, 1876, and had a right to continue over until that appointment had ceased to be operative by the legal election of a successor, or vacated by his own act, is not disputed; and that his election by the city council in 1877, without any nomination by the mayor, was unauthorized, cannot be seriously questioned. Then did the mere unlawful election *ipso facto* determine his right to hold over under the valid appointment of 1876, until his successor was duly elected and qualified? Certainly not. But it is argued that because he filed his oath of office under this void election, he is concluded from averring that he did not accept and enter upon the duties of the office under it. We think that this proposition is untenable. The mere fact of his taking the oath of office after the unauthorized election in 1877, did not necessarily result in his ceasing to perform the duties of the office under the valid appointment of 1876. He may have filed the oath without any intention to or ever accepting the void election of 1877. In that case then there was nothing to prevent him from continuing to act under the appointment of 1876 until his successor was duly elected and qualified. If he had accepted the office attempted to be conferred upon him by the city council in 1877, and that was incompatible with his previous holding (of the incompatibility we express no opinion), the authorities are all to the effect that the office would have been vacated. The rejoinder alleges that Forristal did not disclaim to hold, or cease

to exercise the duties of his office by virtue of his appointment made in April, 1876, but had continued ever since that appointment to perform the duties of the office under it. As the demurrer admits the facts stated in the rejoinder to be true, we think that the court erred in entering a judgment of ouster against the defendant.

The judgment of the Circuit Court is therefore reversed and the cause remanded.

Judgment reversed.